**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE ROSE, | : | CASE NO. 1:20-cv-00132-JG |
| | : | |
| Plaintiff | : | |
| | : | JUDGE JAMES S. GWIN |
| | : | |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| | : | DAVID A. RUIZ |
| UNIVERSITY HOSPITALS, et al, | : | |
| | : | **Jury Demand Endorsed Hereon** |
| Defendants. | : | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants University Hospitals Health System, Inc., misnamed in the Complaint as University Hospitals, Inc. ("UHHS") and University Hospitals Physician Services, Inc. ("UHPS") (UHHS and UHPS are collectively referred to as "UH" or "Defendants") by and through their undersigned counsel, answers *pro se* Plaintiff Michelle Rose's ("Plaintiff") Complaints by stating and averring the following:

**I.  HARASSMENT AND RETALIATION FOR WHISTLE BLOWING**

1. Defendants admit that Plaintiff had many meetings during her tenure with UHPS, but deny the allegations contained in Paragraph 1a of the Complaint.

2. Defendants deny the allegations contained in Paragraph 1b of the Complaint.

3. Defendants deny the allegations contained in Paragraph 1c of the Complaint.

4. Defendants deny the allegations contained in Paragraph 1d of the Complaint.

**II.  VIOLATION OF MY FMLA RIGHTS**

5. Defendants incorporate their responses to Paragraphs 1 through 4 of the Complaint as if fully rewritten herein.

6. Defendants admit that Plaintiff was granted FMLA leave during her employment, but deny the remaining allegations contained in Paragraph 2a of the Complaint.

7. Defendants admit that Plaintiff was granted FMLA leave during her employment, but deny the remaining allegations contained in Paragraph 2b of the Complaint.

8. Defendants admit that Plaintiff was granted FMLA leave during her employment, but deny the remaining allegations contained in Paragraph 2c of the Complaint.

9. Defendants admit that Plaintiff is a former employee of UHPS and that Plaintiff was terminated on December 20, 2017 for intentional and repeated violation of Defendants' policies, but deny the remaining allegations contained in the paragraphs immediately below Paragraph 2c of the Complaint. Further answering, Plaintiff was counseled and disciplined on numerous occasions for aggressive and inappropriate communications, but she failed to alter her conduct. Plaintiff's discharge was lawful and consistent with Defendants' policies and procedures.

### III. TERMINATION OF MEDICAL INSURANCE 20 DAYS POST OP AND AGINST MY SURGEONS [SIC] SUGGESTION

10. Defendants incorporate their responses to Paragraphs 1 through 9 of the Complaint as if fully rewritten herein.

11. Defendants deny the allegations contained in Paragraph 3a of the Complaint.

12. Defendants deny the allegations contained in Paragraph 3b of the Complaint.

13. Defendants deny the allegations contained in Paragraph 3d of the Complaint.

14. Defendants deny the allegations contained in the paragraph immediately below Paragraph 3d of the Complaint.

15. Defendants deny each and every allegation of the Complaints not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

3. Plaintiff's Complaint is untimely and is barred by the applicable limitations and/or statute of limitations period.

4. Plaintiff's harassment and retaliation claims fail because they are not based on any protected activities.

5. Plaintiff's medical insurance claim fails because Plaintiff was timely issued COBRA notice.

6. Plaintiff failed to exhaust her administrative remedies.

7. To the extent that Plaintiff's claims for harassment and retaliation arise under federal law, Plaintiff failed to exhaust her administrative remedies and her claims fail as a matter of law.

8. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

9. Plaintiff has not sustained any damages proximately caused or actually caused by Defendants.

10. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages and/or alleged injuries.

11. Based on after-acquired evidence, Plaintiff's claims against Defendants and/or the relief sought by Plaintiff against Defendants are barred by the doctrine of after-acquired evidence.

12. Plaintiff's claims are barred because all of the decisions and actions toward Plaintiff were taken in good faith and for legitimate, non-retaliatory, non-discriminatory reasons unrelated to Plaintiff's race, disability, or alleged protected activity.

13. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendants of any discrimination or retaliation, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

14. To the extent that Plaintiff complained about any alleged unlawful discriminatory conduct, Defendants took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

15. Some or all of Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

16. Plaintiff's claims fail because Defendants acted in good faith at all times.

17. Plaintiff's claims fail because Plaintiff fails to identify the specific claim(s) which she bases her Complaint upon.

18. One or more of Plaintiff's claims fail because she cannot assert a cause of action based upon medical care in connection with the termination of her employer-provided health care plan.

19. Some or all of Plaintiff's claims are limited and/or barred by Ohio's Tort Reform Act.

20. Plaintiff has not and is not suffering from emotional distress.

21. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendants deny – the claim is barred because the alleged acts or omissions of Defendants: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

22. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendants deny – the claim is barred because any allegedly discriminatory behavior is contrary to Defendants' good faith efforts to comply with all applicable state and federal laws.

23. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendants deny – the claim is barred and any award of such damages would violate Defendants' rights under the federal and state constitutions.

24. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendants.

25. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendants of harassment, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

26. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendants of any alleged hostile environment, if any.

27. Plaintiff was treated the same as all other employees, regardless of her sex, FMLA use, or for engaging in any protected activity.

28. Plaintiff's FMLA claim fails because Plaintiff was granted all FMLA leaves requested during her employment.

29. Plaintiff's FMLA claim fails because one or more of Plaintiff's requests for leave did not qualify under the FMLA.

30. Plaintiff's FMLA claim fails because Plaintiff failed to comply with the requirements for FMLA leave.

31. Plaintiff lacks standing to bring some or all of her claims.

32. Some or all of Plaintiff's claim fail as a matter of law because Plaintiff failed to satisfy statutory or common law prerequisites prior to filing her Complaint.

33. Plaintiff's claim for whistleblower retaliation fails because Plaintiff failed to satisfy the requirements set forth in Ohio's Whistleblower statute, R.C. 4113.52.

34. Some or all of Plaintiff's claims fail as a matter of law because they do not provide for a private cause of action.

35. Plaintiff failed to comply with her obligation to provide an affidavit of merit supporting any medical claim against the Defendants.

36. Any and all damage or injury complained of was proximately caused by intervening and superseding acts of persons or entities other than these answering Defendants.

37. If Plaintiff sustained any of the injuries or damages alleged in the Complaint, such injuries or damages were caused, or were contributed to, by Plaintiff's own comparative

negligence, intentional acts, culpable conduct, and express or implied assumption of the risk. Such conduct serves as a bar to one or more of Plaintiff's claims or entitles Defendants to a reduction in damages. (O.R.C. §2307.22, O.R.C. §2315.32 et seq.).

38. Plaintiff knew of and appreciated the risks and hazards involved in the incident about which the Complaint is made, and any injury and/or damages claimed were caused by or arose out of such risks or hazards.

39. Plaintiff was aware of, acquiesced in, consented to and/or gave permission for any or all of the alleged acts or omissions of which the Complaint is made and, accordingly, any and all claims of injuries and/or damages are barred.

40. Defendants are entitled to a set-off of some or all damage pursuant to O.R.C. §2307.28.

41. One or more of Plaintiff's claims for damages are subject to the limits on certain types of damages, and this Court is without jurisdiction to enter judgment for Plaintiff beyond the limitations set forth in O.R.C. §2323.43.

42. Defendants assert that Plaintiff was fully advised of the alternatives available for treatment of the medical condition and thereafter consented to the treatment rendered and assumed the risk or risks of such treatment.

43. Defendants are entitled to a set-off of some or all damage pursuant to O.R.C. §2307.28.

44. Defendants are entitled to an apportionment of liability to other parties and non-parties to this action pursuant to R.C. 2307.23.

45. Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendants respectfully request that the claims against them raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in their favor, and that they recover their costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

> Respectfully submitted,
>
> */s/ Donald G. Slezak*
> David A. Campbell (0066494)
> Donald G. Slezak (0092422)
> Lewis Brisbois Bisgaard & Smith, LLP
> 1375 E. 9th Street
> Suite 2250
> Cleveland, OH 44114
> Phone: (216) 298-1262
> Fax: (216) 344-9421
> david.a.campbell@lewisbrisbois.com
> donald.slezak@lewisbrisbois.com
>
> *Attorneys for Defendants*

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury is respectfully requested on all the issues presented herein.

> *Donald G. Slezak*
> Donald G. Slezak (0092422)
>
> *One of the Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February 2020, the foregoing was filed through the Court's CM/ECF electronic filing system.  A copy of this filing will be sent via email and U.S. Certified Mail, postage prepaid, upon Plaintiff at the following address which is listed with the Court:

Michelle Marie Rose
13232 Painesville Warren Road
Painesville, Ohio 44077
Email: mellis4702@aol.com

*Pro Se Plaintiff*

/s/ Donald G. Slezak
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
Donald.slezak@lewisbrisbois.com

*One of the Attorneys for Defendants*