UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| MICHELLE ROSE, | CASE NO. 1:20-cv-00132 |
| Plaintiff, | ORDER<br>[Resolving Doc. 10] |
| vs. |  |
| UNIVERSITY HOSPITALS, et al., |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Michelle Rose sues University Hospitals and University Hospitals Physician Services, Inc., with claims related to her employment with Defendants. On February 26, 2020, Plaintiff Rose moved for the appointment of counsel.[1]

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel."[2] District courts have substantial discretion as to whether to request an attorney for a plaintiff.[3] The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.[4] Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim.

---

[1] Doc. 10.
[2] 28 U.S.C. § 1915(e)(1).
[3] *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).
[4] *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal quotations and citations omitted).

Case No. 1:20-cv-132
Gwin, J.

At the very least, however, district courts should request an attorney to represent the plaintiff when lack of representation would otherwise result in "fundamental unfairness impinging on due process rights."[5]

At this time, the Court declines to exercise its discretion to request an attorney to represent Plaintiff Rose. Plaintiff's suit does not appear to involve particularly complex factual and legal questions, and Plaintiff has so far demonstrated an ability to represent herself.

Further, although Rose states that she previously had two attorneys who were willing to take her case on a contingency basis, but unwilling to take it to trial, Plaintiff does not state whether she has sought the services of attorneys beyond those two to represent her on a pro bono or contingency-fee basis.[6] Plaintiff Rose makes claims that would allow fee-shifting if Plaintiff wins.

Plaintiff has not demonstrated that her situation is exceptional. Accordingly, the Court **DENIES** Plaintiff's motion for the appointment of counsel.

IT IS SO ORDERED.

Dated: March 18, 2020                     *s/      James S. Gwin*
                                                                           JAMES S. GWIN
                                                                           UNITED STATES DISTRICT JUDGE

---

[5] *Reneer*, 975 F.2d at 261 (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982)).
[6] Doc. 10.