IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE ROSE | : | CASE NO. 1:20-CV-00132 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE: JAMES S. GWIN |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS PHYSICIAN SERVICES, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINIFF'S MOTION FOR EXTENSION OF TIME**

Defendant University Hospitals Physician Services, Inc. ("Defendant") filed its Motion for Summary Judgment pursuant to this Court's Case Management Order. (ECF #31). Plaintiff Michelle Rose ("Plaintiff') was required to oppose the Motion for Summary Judgment by September 28, 2020. (ECF #16). Rather than opposing the Motion for Summary Judgment, Plaintiff filed a Request for an Extension for Opposition to Dispositive Motion (the "Motion"). (ECF #33).

Plaintiff alleges that she is filing the Motion, in part, because Plaintiff has not received discovery responses from Defendant. (ECF #33, pg. 1). To the contrary, Defendant has provided full and complete responses to Plaintiff's document requests. (Declaration of David A. Campbell at ¶¶ 2-3 ("Dec. Counsel at __")).[1] Plaintiff served her document requests on September 1, 2020. (Dec. Campbell at 4). On September 19, 2020, Defendant's counsel sent Plaintiff three emails that included responses to Plaintiff's document requests. (Dec. Counsel at 5).

---

[1] The Declaration is attached hereto as Exhibit 1.

On September 20, 2020, in response to Defendant's production, Plaintiff sent a follow-up email asking for specific supplementation:

> Let's make it simpler for them.
>
> 1. A copy of the offical UH Policy and Procedure on UH Employee Training.
>
> 2. A copy of 2013, 2014, 2015, 2016 and 2017 of my employee evaluations.
>
> 3. A copy of either my pay stubs that reflect my new yearly raise amount OR a copy of the letter presented to me each year to explain my raise amount and when it goes into affect. A letter from Cynthia Clark was given for each year 2013, 2014, 2015, 2016 and 2017.
>
> 4. The one and only email that is dated December 10th ONLY that they used for my termination reason stating it was inappropriate.
>
> 5. The email from Valerie Jaggie to ALL UHPS managers explaining the new rules for time cards which would be taken over by an administrator secretary. This was done in October of 2017.
>
> 6. A last known address for Cynthia Clark for the purpose of a subpoena.
>
> This should not be a difficult request.

(Dec. Counsel at 6).

On September 23, 2020, Defendant's counsel provided the last known address for Cynthia Clark, supplementation request number 6. (Dec. Counsel at 7). On September 24, 2020, Defendant responded to request number 3, Plaintiff's wage information. (Dec. Counsel at 8). On September 25, 2020, Defendant provided a final email that responded to each of the requests submitted by Plaintiff:

> We looked into your additional document requests. This email follows the two prior emails that I sent since your September 20, 2020 email:

4820-5260-7181.1

2

> 1. A copy of the official UH Policy and Procedure on UH Employee Training.
>
> **There is no Policy and Procedure addressing "UH Employee Training." If you provide more information, we would be happy to review the policies and provide a copy of what you request.**
>
> 2. A copy of 2013, 2014, 2015, 2016 and 2017 of my employee evaluations.
>
> **We provided every performance evaluation that could be located.**
>
> 3. A copy of either my pay stubs that reflect my new yearly raise amount OR a copy of the letter presented to me each year to explain my raise amount and when it goes into affect. A letter from Cynthia Clark was given for each year 2013, 2014, 2015, 2016 and 2017.
>
> **I provided the pay information in a prior email. I assume this request is satisfied.**
>
> 4. The one and only email that is dated December 10th ONLY that they used for my termination reason stating it was inappropriate.
>
> **Your termination letter address emails sent on December 12 and December 14. We provided those emails in our first production. This request is satisfied.**
>
> 5. The email from Valerie Jaggie to ALL UHPS managers explaining the new rules for time cards which would be taken over by an administrator secretary. This was done in October of 2017.
>
> **We sent the email that Valerie sent to you on this date. She does not have copies of the identical email body that was sent to other employees.**
>
> 6. A last known address for Cynthia Clark for the purpose of a subpoena.
>
> **I provided this information.**
>
> We assume that your discovery requests are fully satisfied. If you have any further questions, please let me know.
>
> Thanks.

(Dec. Counsel at 9).

Plaintiff never responded to the email and it is unclear what, if any, issues remain outstanding. (Dec. Counsel at 10). Defendant has investigated and responded to every document request submitted by Plaintiff. (Dec. Counsel at 11). Accordingly, although Defendant does not take issue with the need for an extension due to the ill pet referenced in Plaintiff's Motion, Defendant strongly objects to Plaintiff's claim that Defendant has failed to produce documents requested by Plaintiff.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September 2020, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent via email at Plaintiff's request to the following address which is listed with the Court and which was provided by Plaintiff:

Michelle Marie Rose
1690 Lake Crest Drive
Roaming Shores, Ohio 44084
Email: mellis4702@aol.com

*Pro Se Plaintiff*

                                                    */s/ David A. Campbell*
                                                    David A. Campbell (0066494)

                                                    *One of the Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE ROSE | : | CASE NO. 1:20-cv-00132 |
| Plaintiff, | : | |
| | : | JUDGE: JAMES S. GWIN |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS PHYSICIANS SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF DAVID A. CAMPBELL

I, David A. Campbell, being duly cautioned and sworn, hereby declare as follows:

1. I am lead counsel for Defendant University Hospitals Physicians Services, Inc., in the captioned-lawsuit.

2. I personally investigated and responded to the document requests submitted by Plaintiff Michelle Rose ("Plaintiff").

3. Defendant has provided full and complete responses to Plaintiff's document requests.

4. Plaintiff served her document requests on September 1, 2020.

5. On September 19, 2020, I sent Plaintiff three emails that included responses to Plaintiff's document requests. The three emails were intended to fully respond to all of Plaintiff's document requests.

6. On September 20, 2020, in response to Defendant's production, Plaintiff sent a follow-up email asking for specific supplementation:

> Let's make it simpler for them.
>
> 1. A copy of the offical UH Policy and Procedure on UH
> Employee Training.

> 2. A copy of 2013, 2014, 2015, 2016 and 2017 of my employee evaluations.
>
> 3. A copy of either my pay stubs that reflect my new yearly raise amount OR a copy of the letter presented to me each year to explain my raise amount and when it goes into affect.  A letter from Cynthia Clark was given for each year 2013, 2014, 2015, 2016 and 2017.
>
> 4. The one and only email that is dated December 10th ONLY that they used for my termination reason stating it was inappropriate.
>
> 5.  The email from Valerie Jaggie to ALL UHPS managers explaining the new rules for time cards which would be taken over by an administrator secretary. This was done in October of 2017.
>
> 6.  A last known address for Cynthia Clark for the purpose of a subpoena.
>
> This should not be a difficult request.

7. On September 23, 2020, I provided the last known address for Cynthia Clark, supplementation request number 6.   This was not a document maintained by Defendant, but Defendant provided the contact information in order to resolve any discovery issues with Plaintiff.

8. On September 24, 2020, I responded to request number 3, Plaintiff's wage information.

9. On September 25, 2020, I provided a final email that responded to each of the requests submitted by Plaintiff:

> We looked into your additional document requests.  This email follows the two prior emails that I sent since your September 20, 2020 email:
> 1. A copy of the official UH Policy and Procedure on UH Employee Training.

**There is no Policy and Procedure addressing "UH Employee Training." If you provide more information, we would be happy to review the policies and provide a copy of what you request.**

2. A copy of 2013, 2014, 2015, 2016 and 2017 of my employee evaluations.

**We provided every performance evaluation that could be located.**

3. A copy of either my pay stubs that reflect my new yearly raise amount OR a copy of the letter presented to me each year to explain my raise amount and when it goes into affect. A letter from Cynthia Clark was given for each year 2013, 2014, 2015, 2016 and 2017.

**I provided the pay information in a prior email. I assume this request is satisfied.**

4. The one and only email that is dated December 10th ONLY that they used for my termination reason stating it was inappropriate.

**Your termination letter address emails sent on December 12 and December 14. We provided those emails in our first production. This request is satisfied.**

5. The email from Valerie Jaggie to ALL UHPS managers explaining the new rules for time cards which would be taken over by an administrator secretary. This was done in October of 2017.

**We sent the email that Valerie sent to you on this date. She does not have copies of the identical email body that was sent to other employees.**

6. A last known address for Cynthia Clark for the purpose of a subpoena.

**I provided this information.**

We assume that your discovery requests are fully satisfied. If you have any further questions, please let me know.

Thanks.

4815-3183-8154.1

3

10. Plaintiff never responded to the email and it is unclear what, if any, issues remain outstanding.

11. Defendants have investigated and responded to every document request submitted by Plaintiff.

12. This Declaration is based on my personal knowledge. If necessary, I am prepared to testify to the facts set forth in this Declaration.

I have read the foregoing declaration and I affirm under penalty of perjury under the laws of Ohio and the United States of America that the foregoing is true and accurate to the best of my knowledge, information, and belief.

_____
David A. Campbell

_September 29, 2020_____
Date